Charles E. GREENWALT, Plaintiff,

v.

NEW PENN MOTOR EXPRESS, INC.,
Defendant.

No. Civ-68-32.

United States District Court
M. D. Pennsylvania.

June 6, 1968.

Peter Krehel, Sunbury, Pa., for plaintiff.

Richard Henry Klein, Sunbury, Pa., James A. Matthews, Jr., Morgan, Lewis & Bockius, Philadelphia, Pa., for defendant.

## MEMORANDUM

FOLLMER, District Judge.

This matter is before the court on motion of defendant for summary judgment on the grounds that there is no genuine issue of any material facts and that the defendant is entitled to judgment as a matter of law.

The facts are not in dispute. Plaintiff, a member of Teamsters and Chauffeurs Local Union No. 764, Milton, Pennsylvania, was employed as a truck driver by New Penn Motor Express, Inc. As such member and employee, plaintiff was covered by the National Master Freight Agreement and the Central Pennsylvania Over-the-Road and Local Motor Freight Supplemental Agreements, to which defendant employer was a signator, and Local 764 was the plaintiff's bargaining agent.

On Monday, September 18, 1967, plaintiff was given a work assignment, which he refused to perform. Defendant took the position that plaintiff thus terminated his employment relationship. On September 20, 1967, defendant's local representative wrote plaintiff that because of his refusal to accept the work assignment, defendant was removing plaintiff from the seniority list. On or about September 22, 1967, plaintiff filed a grievance protesting his removal from the seniority list and claiming reinstatement and back wages for all time lost

during his separation from employment with the defendant.

The National Master Freight Agreement and the Central Pennsylvania Over-the-Road and Local Motor Freight Supplemental Agreements constitute the Collective Bargaining Agreement between the defendant and plaintiff's bargaining agent, Teamsters Local Union No. 764. This agreement establishes a grievance and arbitration procedure for peacefully resolving grievances and disputes arising between the parties.

Pursuant to the contractual procedure outlined in the agreement, a Joint Local City Grievance Committee held a hearing on or about September 29, 1967, on plaintiff's grievance. The Committee was unable to reach a majority decision and, in accordance with the terms of the agreement, referred the grievance to the Joint Area Grievance Committee. On or about October 12, 1967, the said Joint Area Grievance Committee held a hearing on plaintiff's grievance. Plaintiff was afforded a full opportunity to develop all facts and make all arguments relevant to his grievance.

After hearing full arguments by both the Union, the plaintiff-grievant, and the defendant-employer, the Joint Area Grievance Committee rendered a decision. The Committee ruled that the work assignment given by defendant-employer to plaintiff-grievant was in accordance with the provisions of the aforesaid Collective Bargaining Agreement between the parties. Because the plaintiff-grievant refused to perform this work assignment, he was not awarded back pay for all time lost since his separation from employment. The Committee also ruled that because of plaintiff-grievant's good employment record, and because this was his first refusal to comply with the requirements of his job, he be reinstated without pay.

Accordingly to the said agreement, the decision of the Joint Area Grievance Committee, or of any of the grievance committees, if decided by a majority vote is final and binding upon both parties with no further appeal.

This matter was processed in strict accordance with the underlying agreement's terms. Plaintiff, completely ignoring the explicit terms of the agreement that the decision of the Joint Area Grievance Committee was final and binding and not subject to further appeal, filed a complaint in the Court of Common Pleas of Northumberland County. Since plaintiff's allegations could have been the subject of an original action in the federal court pursuant to the terms of Section 301 of the Labor Management Relations Act, 29 U.S.C. § 185(a), defendant removed the case to this court.

It is perfectly obvious that the federal policy favoring peaceful resolution of labor disputes does not depend on whether the dispute is resolved by an arbitrator's award or by the decision of a joint committee. In Humphrey v. Moore, 375 U.S. 335, 351, 84 S.Ct. 363, 372, 11 L.Ed.2d 370 (1964), the Supreme Court again declared that "The decision of the committee, reached after proceedings adequate under the agreement, is final and binding upon the parties, just as the contract says it is."

The motion of defendant for summary judgment will be granted.